**Order entered October 10, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00171-CV

**ANGELIA SMITH, KELVIN SMITH AND ALL OCC, Appellants**

**V.**

**SNUG OWNER, LLC. D/B/A THE BROOKLYN@9590, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-05552-D**

## ORDER

On September 27, 2022, we set the deadline for appellants to file their brief after court reporter Coral L. Wahlen informed us that no record was made of a March 8, 2022 status conference, a record appellants requested, and the reporter's record was complete. By notice filed October 6, 2022, appellants dispute Ms. Wahlen's assertion and also contend the record of the February 8, 2022 trial has "discrepancies." Appellants note the status conference was held via Zoom and request they be allowed to view the Zoom recording. They also renew a request

they made in a September 6, 2022 motion for access to the "YouTube tape" of the February 8 trial.

We **DENY** appellants' request. As we stated in our order on appellants' September 6 motion, audio and video recordings of trial court proceedings are not part of the reporter's record under the rules of appellate procedure. *See* TEX. R. APP. P. 34.6(a)(1). However, because appellants dispute the accuracy of the record, we **ORDER** the trial court to conduct a hearing, **no later than November 10, 2022,** to determine whether the reporter's record of the February 8 trial accurately discloses what occurred at trial and whether a record was made of the March 8 status conference. *See id.* 34.6(e)(3) (when dispute about accuracy of record arises after reporter's record has been filed, appellate court may submit dispute to trial court for resolution). If the trial court determines the record of the February 8 trial is inaccurate, the court must order the court reporter to conform the record to what occurred in the trial court and to file certified corrections in this Court **no later than November 21, 2022**. *See id.* 34.6(e)(2). If the trial court determines a record was made of the March 8 status conference, the trial court shall determine if the record has been lost or destroyed through no fault of appellants. *See id.* 34.6(f)(2). If the trial court determines the record has been lost or destroyed through no fault of appellants, the trial court shall determine if the record is necessary to the appeal's resolution and if the record can be replaced by

agreement of the parties. *See id.* 34.6(f)(3),(4). The trial court shall make written findings of fact which shall be filed in a supplemental clerk's record **no later than November 15, 2022**. A reporter's record of the hearing shall also be filed **no later than November 15, 2022**.

The deadline for filing appellant's brief is **SUSPENDED**. The Court will set a new date for the filing of the brief once the concern regarding the reporter's record has been addressed.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Paula M. Rosales, Presiding Judge of County Court at Law No. 4; Dallas County Clerk John F. Warren; Ms. Wahlen; and, the parties.

We **ABATE** the appeal to allow the trial court an opportunity to comply with this order. The appeal shall be reinstated no later than November 30, 2022.

/s/ BONNIE LEE GOLDSTEIN
   JUSTICE